UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HORSEPOWER ELECTRIC AND MAINTENANCE CORP., <br><br>                     Plaintiff, <br><br> -against- <br><br> NATIONAL LABOR RELATIONS BOARD, an agency of the United States; and TERESA POOR, in her capacity as Regional Director of Region 29 of the National Labor Relations Board, <br>                     Defendants. | **ORDER** <br> 1:23-cv-05707 (DG) (VMS) |

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Horsepower Electric and Maintenance Corp. ("Plaintiff" or "Horsepower") commenced this action against the National Labor Relations Board ("NLRB" or the "Board") and Teresa Poor in her capacity as Regional Director of Region 29 of NLRB ("Regional Director") (together, "Defendants"). See Compl. ECF No. 1.

Plaintiff asserted claims pursuant to the Fifth Amendment to the U.S. Constitution; 29 U.S.C. § 159(c)(1)(A); and 29 CFR §§ 102.15, 103.20(c). See id. The factual basis for Plaintiff's complaint is that Region 29 unfairly delayed processing a decertification election that occurred on March 9, 2023 (the "Election"). The Election's results would "determine whether a bargaining unit of [Plaintiff's] employees [can] continue to be represented by the United Electrical Workers Union, Local 363, IUJAT" (the "Union"). Id. at 1. Plaintiff contends that "the Union filed an unfair labor practice proceeding with designs on disrupting the decertification election," and that Region 29 has improperly refused to proceed with the decertification. Id. at 2. According to Plaintiff, Region 29 also refuses to set a hearing "to allow Horsepower to defend itself from the Union and the NLRB's allegations of

1

wrongdoing." Id. at 2, 4.

Before the Court is Shloime Spira ("Spira")'s unopposed motion to intervene as of right pursuant to Section 102.29 of the Board's Rules and Regulations, the Administrative Procedure Act, 5 U.S.C. §§ 554, 702, the Fifth Amendment to the U.S. Constitution, and Fed. R. Civ. P. 24(a)(2), for purposes of appearing as a full party in this matter. See Mot. to Intervene, ECF No. 15-1, Exh. 1. Beginning in November 2022, Spira, a Horsepower employee, collected signatures for a decertification petition against the Union. On December 19, 2022, Spira filed the decertification petition and prompted the Election. Id. at 2. In support of his motion to intervene, Spira filed a Complaint in Intervention setting forth the claims he wishes to bring against Defendants before this Court if his motion is granted. See Compl. In Intervention, ECF No. 15-1.

For the reasons set forth below, the Court grants Spira's unopposed motion to intervene as of right.

## I.  LEGAL STANDARD

Spira moved to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2). See Mot. to Intervene, ECF No. 15-1, Exh. 1.

Fed. R. Civ. P. 24(a)(2) on "Intervention of Right," provides that,

> (a) . . . [o]n timely motion, the court must permit anyone to intervene who:
> \* \* \*
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A movant seeking to intervene as of right "must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the

disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." In re N.Y.C. Policing During Summer 2020 Demonstrations, 27 F.4th 792, 799 (2d Cir. 2022) (citation & quotations omitted). "In applying the Rule, courts must be cognizant that its 'various components . . . are not bright lines, but ranges—not all 'interests' are of equal rank, not all impairments are of the same degree, representation by existing parties may be more or less adequate, and there is no litmus paper test for timeliness.'" Floyd v. City of New York, 302 F.R.D. 69, 84 (S.D.N.Y. 2014) (citing United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 983 (2d Cir. 1984)). As discussed below, Spira is entitled to intervene as of right for purposes of appearing as a party in Plaintiff's case against Defendant.

A movant seeking to intervene as of right must timely file an application. See In re N.Y.C. Policing During Summer 2020 Demonstrations, 27 F.4th at 799. When analyzing timeliness, courts generally consider: "[i] how long the applicant had notice of the interest before it made the motion to intervene; [ii] prejudice to existing parties resulting from any delay; [iii] prejudice to the applicant if the motion is denied; and [iv] any unusual circumstances militating for or against a finding of timeliness." Republic of the Philippines v. Abaya, 312 F.R.D. 119, 122 (S.D.N.Y. 2015) (internal citations & quotations omitted).

"The Second Circuit has explained that for purposes of Rule 24(a)(2), an intervenor must have a direct, substantial, and legally protectable interest in the property or transaction that is the subject of the underlying action." Id. at 123 (internal citations & quotations omitted). "While the burden to demonstrate inadequacy of representation is generally speaking minimal," the Second Circuit has required "a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective.

Where there is an identity of interest . . . the movant to intervene must rebut the presumption of adequate representation by the party already in the action." Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179-80 (2d Cir. 2001). "[E]vidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy." Extenet Systems, LLC. v. Village of Kings Point, No. 22-1265, 2023 WL 4044076, at *2 (2d Cir. June 16, 2023) (citing id. at 180).

## II. DISCUSSION

### A. Timeliness

Plaintiff filed its Complaint on July 28, 2023, Compl. ECF No. 1, and Spira promptly filed his motion to intervene on August 31, 2023. See Mot. to Intervene, ECF No. 15-1, Exh. 1. Because Spira filed his motion only a little over a month following Plaintiff's Complaint, the Court finds that Spira's motion to intervene was timely and that there is no prejudice to Defendant because there was no delay. For the reasons set forth below, Spira would be prejudiced if his motion to intervene were denied, as his statutory rights and interests are directly affected by the pending conclusion of the Election.

### B. Interest In the Action

Spira has a direct, substantial and legally protectable interest in the outcome of the election and proceedings related thereto. Spira's motion to intervene is based on the same factual occurrences and the same causes of action as the ones Plaintiff asserts in its Complaint. See Compl. In Intervention, ECF No. 15-1 and Compl., ECF No. 1. Both Spira and Plaintiff contend that (1) by issuing a complaint before the NLRB without scheduling a hearing date as required by the Board's Rules and Regulations, Region 29 acted in a manner clearly contrary to statutory mandate; and (2) Region 29 violated Spira and Plaintiff's respective due process

4

rights. Id. As explained below, Spira would be prejudiced if his motion to intervene were denied, as his statutory rights and interests are directly affected by the pending conclusion of the Election.

Thus, Spira has asserted a sufficient interest in this action to justify intervention.

### C. Impairment of Interest by Disposition of the Action

Spira has his own protectable interest in the proceeding. Spira's causes of action against the NLRB are analogous to Plaintiff's but his participation in this action would not be purely duplicative of Horsepower's claims. NLRB itself has previously held that "[t]he employer has its self-interest to watch over and those interests are not necessarily aligned with those of its employees . . . the employees can take their own steps to protect their interests if they choose." Corrections Corp. of Am., 347 NLRB 632, 633 n.3 (2006).

Spira's motion to intervene alludes to "several tactical considerations Horsepower may take [to] harm Spira's rights without directly opposing his position." Mot. to Intervene, ECF No. 15-1, Exh. 1, at 11. As an example, Spira argues that Horsepower and Defendants may make "factual stipulations that effectively limit the testimony and evidence introduced at the hearing, or they may make strategic decisions to forego the introduction of relevant testimony." Id. This would prevent Spira, and, consequently, Horsepower's employees, from having a voice "in a case that concerns their own decertification petition and representational desires." Id.

As Horsepower's employee, Spira's interests are independent of Horsepower's and his individual rights may be impaired if he cannot independently appear in this proceeding.

### D. Lack Of Adequate Protection Of Interest By The Parties

Spira must also show that his interests are inadequately represented by Horsepower in

5

this matter.

In this case, the Court finds that Spira and Plaintiff do not have an "identity of interest." While they bring the same causes of action before this Court, Horsepower has its own self-interest to protect. "Horsepower's economic interests could lead it to settle the . . . case to save itself the cost and disruption of further litigation. For business or financial reasons, any rational employer might choose to settle . . . and accept an unpopular union despite proof of the employees' opposition to union representation." Mot. to Intervene, ECF No. 15-1, Exh. 1, at 11. In contrast, Spira may wish to see the decertification dispute to the end, as he has shown by his initiative to date in commencing the process that he no longer wishes to be represented by the current Union. His economic interests are not identical to his employer's. The Court finds that Spira sufficiently showed that his interests are inadequately represented by Horsepower in this matter due to a risk of concession by the employer.

### III.   CONCLUSION

For the reasons discussed herein, Spira's unopposed motion to intervene as of right is granted.


Dated: Brooklyn, New York
         October 23, 2023

*Vera M. Scanlon*
  VERA M. SCANLON
United States Magistrate Judge